IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James B. Curry, #186737, | ) | C/A No.: 1:16-1676-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Lee Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      James B. Curry ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without requiring the respondent to file an answer.

I.      Factual and Procedural Background

      On February 14, 2008, a jury found Petitioner guilty of burglary first degree, armed robbery, kidnapping, and assault and battery of a high and aggravated nature. [ECF No. 11-1 at 1].[1] The trial judge sentenced Petitioner to 25 years' imprisonment. *Id.* Petitioner filed a notice of appeal, which he later withdrew. *Id.* In the meantime, Petitioner filed a motion for a new trial on July 29, 2008, which the trial court denied on February 9, 2009. *Id.* Petitioner appealed the denial of his new trial motion, but later

---

[1] The court takes judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("The most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.") (citation omitted).

withdrew the appeal. *Id.* On April 7, 2009, Petitioner filed a second motion for a new trial, which the trial court denied on October 13, 2009. *Id.* at 1–6. Petitioner filed a notice of appeal, which he subsequently withdrew. *Id.* at 10. Petitioner filed a third motion for a new trial on December 29, 2009, which the trial court denied on March 18, 2010. *Id.* at 7–8, 10.

Petitioner filed an application for post-conviction relief ("PCR") on May 14, 2010, which the state court denied on April 19, 2011. *Id.* at 9–17. Petitioner filed a motion to alter or amend the April 19, 2011 order, which the court denied on May 9, 2011. *Id.* at 20. Petitioner did not appeal the denial of his PCR application. *Id.* Petitioner filed a second PCR application on March 28, 2012, which the trial court denied on December 19, 2013, as successive and untimely. *Id.* at 18–25. Petitioner then filed a fourth motion for a new trial based on after-discovered evidence, which the court denied on December 4, 2014. *Id.* at 26–30. In this order, the court found Petitioner's continued filings were repetitive and frivolous and prohibited Petitioner from filing future claims unless he paid the filing fee. *Id.* at 29. Petitioner filed a state habeas corpus petition on September 9, 2015, which the South Carolina Supreme Court denied on October 8, 2015. *Id.* at 43. Petitioner filed two petitions for rehearing, which the South Carolina Supreme Court denied on November 4, 2015, and December 3, 2015. *Id.* at 45–46. Petitioner filed a petition for writ of certiorari with the United States Supreme Court on January 25, 2016, which the

Court denied on April 4, 2016. *Id.* at 47–49. Petitioner filed this habeas petition on May 23, 2016.[2]

II.   Discussion

   A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[2] Because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope containing the petition was deposited in the prison mailing system on May 23, 2016. *Id.* at 2.

B.  Analysis

1.  The Habeas Petition is Untimely

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

  (A) **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute

4

of limitations began running at "the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).[3]

Petitioner was found guilty and was sentenced on February 14, 2008. [ECF No. 11-1 at 1]. Although Petitioner did not pursue an appeal, he filed three motions for a new trial. The trial court denied the last motion on March 18, 2010. *Id.* at 9–10. Petitioner filed a PCR application on May 14, 2010, which the court denied on April 19, 2011. *Id.* at 9–17. Petitioner then filed a motion to alter or amend the PCR order, which the court denied on May 9, 2011. *Id.* at 20. At that point, Petitioner had thirty days within which to file a notice of appeal, but he failed to do so. *See* Rules 203(b)(1) and 243(b), SCACR (stating notice of appeal should be filed within thirty days of receipt of written notice of entry of the order or judgment). Accordingly, Petitioner's conviction became final, at the latest, on June 8, 2011, the first non-holiday business day thirty days after the May 9, 2011, order. Petitioner's one-year statute of limitations period began running by June 9,

---

[3] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review with the State's highest court." 132 S. Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to federal prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting federal judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

5

2011, the first day following the expiration of Petitioner's thirty-day window of appeal. Petitioner's federal time limitation for filing this habeas action expired by July 9, 2012. Petitioner did not file this habeas action until May 23, 2016, over three years after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

### 2. Equitable Tolling Does Not Apply

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000). The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The *Holland* Court reiterated its prior holding that the statute would be equitably tolled "only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649. An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In support of his claim for equitable tolling, Petitioner focuses on the first factor of the *Holland* test and argues he has been pursuing his rights diligently since his February 14, 2008 conviction. [ECF No. 11]. Petitioner references his two PCR applications and state habeas petition in support of his equitable tolling claim. [ECF No. 11-1]. However, Petitioner's second PCR application, dated March 28, 2012, was dismissed as untimely and successive, and therefore did not toll the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (holding that petitioner's PCR application, having been rejected by the state court as untimely, was not "properly filed" to entitle him to statutory tolling under §2244(d)(2)). Furthermore, Petitioner's September 9, 2015, state habeas petition was filed 1156 days after the AEDPA limitations period expired and therefore also did not toll the federal limitation period. Additionally, Petitioner fails to meet the second factor of the *Holland* test, as he does not provide any facts to show what extraordinary

7

circumstances prevented him from timely filing his § 2254 petition. The undersigned finds that equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the petition was not timely filed, and is barred by 28 U.S.C. § 2244(d)(1).[4]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this petition without prejudice and without requiring Respondent to file a return. If the district court accepts this recommendation Petitioner's motion to expedite [ECF No. 10] would be moot.

IT IS SO RECOMMENDED.

June 17, 2016                                                          Shiva V. Hodges
Columbia, South Carolina                                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[4] There is no indication in the record that Petitioner appealed the denial of his PCR applications. Thus, notwithstanding the statute of limitations bar discussed herein, the claims raised in Petitioner's PCR applications are also procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (finding issue not properly raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).