IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| James B. Curry, #186737,<br><br>    Petitioner,<br><br>vs.<br><br>Warden of Lee Correctional Institution,<br><br>    Respondent. | C/A No. 1:16-01676-JFA<br><br><br>**ORDER** |

### I.    INTRODUCTION

James B. Curry ("Petitioner"), proceeding pro se and *in forma pauperis*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against the warden of Lee Correctional Institution ("Respondent").

### II.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Lee Correctional Institution ("LCI"). ECF No. 1 at 1. On May 23, 2016, Petitioner's petition for writ of habeas corpus was filed. ECF No. 1-3 at 2. In addition, Petitioner moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 8, which was granted on June 17, 2016, by Magistrate Judge Shiva V. Hodges, ECF No. 13.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this petition without prejudice and without requiring Respondent to file a return, rendering Petitioner's motions to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

expedite and amend his petition moot.[2] ECF Nos. 10, 18. The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.[3] Petitioner was advised of his right to object to the Report, which was entered on the docket on June 17, 2016. ECF Nos. 14, 15. The Magistrate Judge gave Petitioner until July 5, 2016, to file objections. *Id.* Petitioner did not file objections to the Report. On July 12, 2016, Petitioner filed a letter correcting a previous selection made on his petition with regard to exhaustion of remedies; however, this correction is insignificant to the Report's analysis. ECF No. 17. Thus, this matter is ripe for the Court's review.

### III.     DISCUSSION

The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Court modifies the Report to reflect that Petitioner's one year statute of limitations period for his federal habeas corpus petition began to accrue no later than after Petitioner failed to appeal the order dismissing his third motion for a new trial (issued on March 18, 2010) because, by that time, his conviction was deemed final. ECF No. 11-1 at 10; *see Gonzalez v.*

---

[2] On August 29, 2016, Petitioner filed a motion to amend his petition to add additional grounds. ECF No. 18. However, this motion was made almost two months after the Report's objection deadline, and, furthermore, does not contain direct objections to the Report. *Id.* Therefore, because Petitioner's federal habeas corpus petition is deemed untimely, his motion to amend his petition is futile and moot.

[3] The Court makes minute changes to account for possible scriveners' errors on the third page of the Report wherein the assigned electronic court filing (ECF) docket entry number for the petition should be ECF 1-3 and on the sixth page of the Report wherein it states that Petitioner's federal time limitation for filing this habeas action expired by July 9, 2012, where it presumptively should state June 9, 2012.

*Thaler*, 132 S. Ct. 641, 656 (2012) ("We further hold that, with respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."). On May 14, 2010, when Petitioner filed his first post-conviction relief ("PCR") application, the one year statute of limitations period for a federal habeas corpus petition was simply tolled. ECF No. 11-1 at 9. After Petitioner did not appeal the order issued regarding his PCR application on May 9, 2011, the one year statute of limitations began to accrue again. ECF No. 11-1 at 20.

The filing history of Petitioner's case is complex and includes several motions, a second PCR application, which was deemed untimely,[4] and two state habeas corpus petitions. ECF 11-1. Nonetheless, even if the Court only counted the days between (1) the finality of Petitioner's conviction and his first PCR application; (2) the finality of his first PCR application and the filing of his second PCR application; and (3) the South Carolina Supreme Court's "final ruling in this matter," ECF No. 1-2 at 11, and the date the federal habeas corpus petition was filed in this Court, Petitioner has well exceeded the one year statute of limitations allowed.[5] Therefore, Petitioner's federal habeas corpus petition is untimely under 28 U.S.C. § 2244(d).

Furthermore, the Magistrate Judge correctly recommended that Petitioner is not entitled to equitable tolling. ECF No. 14 at 6–8. Because Petitioner's habeas corpus petition is barred

---

[4] On May 7, 2014, the South Carolina Supreme Court ruled Petitioner "failed to show that there [wa]s an arguable basis for asserting that the determination by the lower court was improper." ECF No. 11-1 at 31. Therefore, Petitioner's second PCR application does not serve to toll the statute of limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

[5] The fact Petitioner petitioned the United States Supreme Court does not toll the statute of limitations in this case. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1–year limitations period during the pendency of a petition for certiorari [before the United States Supreme Court]."); *Crawley v. Catoe*, 257 F.3d 395, 401 (4th Cir. 2001) ("We hold that the time the petition for certiorari, which sought review of the adverse decision in the state habeas proceeding, was pending in the United States Supreme Court did not toll the one-year limitations of § 2244(d)(1).").

pursuant to 28 U.S.C. § 2244(d), the Court will not address whether the claims in the petition are procedurally barred.

## IV.  CONCLUSION

After a careful review of the record, the applicable law, and the Report, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, ECF No. 14, as modified, and dismisses this petition without prejudice and without requiring Respondent to file a return, rendering Petitioner's motion to expedite moot, ECF No. 10. In addition, Petitioner's motion to amend his petition is futile and moot. ECF No. 18.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[6]

**IT IS SO ORDERED**.

November 9, 2016  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[6] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683–84 (4th Cir. 2001). In the instant matter, the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."