IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| James B. Curry, #186737,<br><br>Petitioner,<br><br>vs.<br><br>Warden of Lee Correctional Institution,<br><br>Respondent. | C/A No. 1:16-01676-JFA<br><br><br>**ORDER** |

James B. Curry ("Petitioner"), proceeding pro se and *in forma pauperis*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against the warden of Lee Correctional Institution ("Respondent").

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opined that this Court should dismiss this petition without prejudice and without requiring Respondent to file a return, rendering Petitioner's motions to expedite and amend his petition moot.[2] ECF Nos. 10, 14–15, 18. Objections to the Report were due on July 5, 2016; however, no objections were filed. ECF Nos. 14–16. On November 9, 2016, this Court issued an order adopting the Report. ECF No. 21. On December 5, 2016, a notice of appeal was docketed. ECF No. 24. Upon review of the documents received by the Fourth Circuit Court of Appeals from Petitioner, which were construed as a notice of appeal, this Court respectfully found a portion of the documents should be considered as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure as Petitioner claimed he

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

[2] The Report recommended that Petitioner's federal habeas corpus petition be deemed untimely and equitable tolling not apply.

1

had not received the Report previously, and, thus, was unable to object to it. ECF No. 29. On December 13, 2016, this Court issued an order to allow Petitioner an opportunity to object to the Report. ECF No. 30. On December 20, 2016, Petitioner filed an "Objection to the Court's response to reconsideration dated 12-13-16." ECF No. 32.

Petitioner's objection incorrectly states that this Court's order was "an admission of guilt, as to the Court not serving a copy of the report and recommendation." *Id.* This Court's order clearly stated, "Because it is possible that the Report was not received by Petitioner and his request for reconsideration was timely sent, out of an abundance of caution, this Court hereby vacates its order adopting the Report to allow Petitioner an opportunity to receive and object to the Report within fourteen (14) days after service of the Report. 28 U.S.C § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. (6)(a), (d)." ECF No. 30. Therefore, this Court merely acknowledged that it was possible Petitioner *did not receive* the Report in the mail—not that the Report was not mailed to him. In addition, to clarify for Petitioner, this Court's previous order was allowing him an opportunity to object to the Report, and the Court intended to review his objections, if any, and issue an order addressing the Report when appropriate. ECF No. 30.

Therefore, due to Petitioner's apparent confusion, this Court will allow fourteen (14) days from the date of this order *to submit objections to the Report*. No additional opportunities will be provided to Petitioner with regard to this matter.

Thus, as previously stated, the parties may file specific written objections to the Report to which objections are made and the basis for such objections with the Clerk. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)

2

(quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to the Report within fourteen (14) days of its service will result in waiver of the right to appeal from a judgment of this Court based upon such Report.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of the Report and this order to Petitioner forthwith.

**IT IS SO ORDERED**.

December 28, 2016                               Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

3